**LEWIS AND ROCA LLP LAWYERS**

40 North Central Avenue
Phoenix, Arizona 85004-4429

Sean D. Garrison (State Bar No. 014436)
Direct Dial: (602) 239-7434
Direct Fax: (602) 734-3939
E-mail: SGarrison@LRLaw.com

Shane Olafson (State Bar No. 024605)
Direct Dial: (602) 262-5327
Direct Fax: (602) 734-3756
E-mail: SOlafson@LRLaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dial Manufacturing, Inc., an Arizona corporation, | ) ) ) No. |
| Plaintiff, | ) ) |
| vs. | ) **COMPLAINT** ) |
| PPS Packaging Company, a California corporation, | ) ) ) |
| Defendant. | ) ) ) |

For its Complaint, Plaintiff Dial Manufacturing, Inc. ("Dial") alleges as follows:

**PARTIES**

1. Plaintiff Dial is an Arizona corporation with its principal place of business in Phoenix, Arizona. Dial manufactures and sells replacement parts for evaporative coolers.

2. Defendant PPS Packaging Company ("PPS") is a California corporation with its principal place of business in Fowler, California. PPS manufactures and sells evaporative cooler products in competition with Dial.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

5. This Court may assert personal jurisdiction over the Defendant because Defendant, through its authorized agents, employees and officers, has caused or

contributed to the sale, offering for sale, and distribution of the infringing products in and among the several United States, and particularly in this judicial district and, as a result, Dial has been injured in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant has committed acts of infringement in this judicial district.

## DIAL'S BUSINESS AND PATENT

7. Dial has designed, manufactured and provided reliable replacement parts for the evaporative cooler industry since 1965, including cooler fittings, electrical accessories, pumps, motors, thermostats, and switches, among other things.

8. Dial is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,568,000 (the "Dial Patent") entitled "Multiple Pole, Shaded Pole Subfractional-Horsepower Induction Motor," which duly and legally issued in the name of John Hanneken on October 22, 1996. A copy of the Dial Patent is attached hereto as Exhibit A.

9. Without Dial's authorization, Defendant has made, used, offered to sell, sold, and/or imported into the United States evaporative cooler water pumps and pump motors that infringe at least claims 1 and 5, and possibly others, of the Dial Patent (the "Infringing Products").

10. Included among the Infringing Products are PPS pump models P-5G and P-7G, and possibly others.

## COUNT I
### (PATENT INFRINGEMENT)

11. Dial re-alleges each and every allegation set forth in paragraphs 1 through 10 above, and incorporates them by reference herein.

12. Dial has standing to sue for infringement of the Dial Patent because it is the owner of the Dial Patent.

13. Defendant has, and continues to, directly and indirectly infringe the Dial Patent by making, using, offering to sell, selling, and/or importing into the United States,

the Infringing Products.

14. Upon information and belief, Defendant, through its actions, has knowingly contributed to or induced the infringement of the Dial Patent by third parties in violation of 35 U.S.C. § 271. Upon information and belief, Defendants are providing Infringing Products to various third parties for re-sale to the public.

15. Upon information and belief, Defendant's infringement has been intentional and willful, making this an exceptional case. Defendant's pump motor is a nearly exact replica of the motor contained in Dial's patented pump, the packaging for which is consistently marked with the Dial Patent number. The particular configuration and features of Dial's pump motor, coupled with that fact that Defendant's pump motor is virtually identical, indicates that Defendant intentionally copied from Dial.

16. Defendant's infringement has caused and continues to cause irreparable harm to Dial, which has no adequate remedy at law and will continue to be injured unless and until this Court enters a preliminary and permanent injunction prohibiting further infringement and, specifically, enjoining Defendant and all others who have notice of the injunction from further manufacture, use, offer for sale, sale and importation of products that fall within the scope of claims of the Dial Patent.

17. Dial is entitled to recover damages from Defendant in an amount adequate to compensate Dial for the infringement that has occurred and that will continue to occur until an injunction is issued by the Court.

## RELIEF REQUESTED

A. Judgment that the Defendant has infringed the Dial Patent in violation of 35 U.S.C. § 271 and that such infringement is willfull;

B. A preliminary and permanent injunction prohibiting Defendant, and its respective subsidiaries, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, from infringing, contributing to the infringement of, and inducing infringement of the Dial Patent;

C. An award of damages adequate to compensate Dial for the patent



infringements that have occurred pursuant to 35 U.S.C. § 284, trebled as a result of Defendant's willful patent infringement, or an award of Defendant's profits from its infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with pre- and post-judgment interest and costs;

    D.    An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with interest; and

    E.    Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Dial demands a jury trial on all triable issues raised in this Complaint.

RESPECTFULLY SUBMITTED this 23rd day of February, 2010.

    LEWIS AND ROCA LLP

    By  /s/ Shane E. Olafson
        Sean D. Garrison
        Shane E. Olafson
    *Attorneys for Dial Manufacturing, Inc.*